IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MEGAN MOORE                                                                                          PLAINTIFF

v.                                          No. 5:16-CV-05069

APPLE CENTRAL, LLC, doing business
as Applebee's Neighborhood Grill & Bar                                                  DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant Apple Central, LLC's motion (Doc. 9) to dismiss for failure to state a claim and brief in support (Doc. 10). Plaintiff Megan Moore has filed a response (Doc. 11) and brief in support (Doc. 12). Defendant requested leave to file a reply, and the Court has considered the reply (Doc. 14-1) attached as an exhibit to that motion.

Defendant removed this case from the Circuit Court of Benton County, Arkansas. Defendant states that this Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1331 because it presents a federal question. Defendant argues that Plaintiff's state law claims for breach of contract, negligence, breach of fiduciary duty, bad faith,[1] and promissory estoppel are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. *See McLain v. Andersen Corp.*, 567 F.3d 956, 964 (8th Cir. 2009) (recognizing that where ERISA completely preempts state law causes of action, federal courts have original jurisdiction under § 1331) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004)). This same preemption argument is the basis for Defendant's motion to dismiss.

Defendant also states that this Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1332 because the amount in controversy is in excess of $75,000, and because there is

---

[1] Plaintiff's amended complaint (Doc. 8) does not assert a bad faith claim.

1

complete diversity between the parties. Although Plaintiff's complaint alleges that she is a citizen of Arkansas, Defendant's notice of removal alleges only that no member of the LLC is a citizen of Arkansas. Defendant fails to properly allege that this court has original jurisdiction under § 1332 because Defendant does not allege the citizenship of its members with specificity.[2] *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding that for diversity jurisdiction purposes, an LLC's citizenship is the citizenship of each of its members); *Barclay Square Properties v. Midwest Fed. Sav. and Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (holding that a limited partnership's jurisdictional allegation was insufficient because it did not allege the citizenship of each limited partner); *see also Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.36 (3d Cir. 2015) ("Of course, where the unincorporated association is the proponent of diversity jurisdiction, there is no reason to excuse it of its obligation to plead the citizenship of each of its members.").

Because the merits of Defendant's federal question jurisdictional allegation and of its motion to dismiss are intertwined, the Court must analyze whether ERISA completely preempts Plaintiff's state law causes of action. "ERISA supercedes any and all state laws insofar as they relate to any employee benefit plan." *Parkman v. Prudential Ins. Co. of Am.*, 439 F.3d 767, 771 (8th Cir. 2006) (quotation and ellipses omitted). To determine whether a state law claim relates to a benefit plan, the Court must determine whether the claim "has (1) 'a connection with' or (2) 'reference to such a plan.'" *Id.* (quoting *California Div. of Labor Standards Enforcement v.*

---

[2] For purposes of determining its diversity jurisdiction, the Court does not address Plaintiff's citizenship allegations in the amended complaint. "For a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013).

*Dillingham Constr., Inc.*, 519 U.S. 316, 324 (1997)). In this case, an ERISA benefit plan exists in the form of a life insurance policy sponsored by Defendant. Plaintiff alleges that her now-deceased husband filled out an enrollment form for this policy and gave it to Defendant; that Defendant failed to forward the application to the insurer or enroll Plaintiff's husband in the plan; that Defendant nevertheless deducted payments for plan membership from Plaintiff's husband's paycheck; and that Plaintiff's application for plan benefits upon her husband's death was denied. The Eighth Circuit has explained that "a claim relates to an ERISA plan when it premises a cause of action on the existence of an ERISA plan." *Estes v. Fed. Express Corp.*, 417 F.3d 870, 872 (8th Cir. 2005) (quotation omitted). All of Plaintiff's causes of action are premised on the existence of an ERISA plan in which Defendant failed to enroll her husband. Under this precedent her state law claims are preempted by ERISA.

Plaintiff attempts to distinguish her claims from the typical preempted claims by citing to an Eighth Circuit opinion that held state law claims were not preempted by ERISA. *See Wilson v. Zoellner*, 114 F.3d 713 (8th Cir. 1997). The *Wilson* panel, relying on an inclusive list of factors[3] often considered when analyzing whether state law claims are preempted, determined that state law claims could proceed against an insurance broker who failed to purchase the coverage that a plaintiff thought she had under an ERISA health insurance plan. Although the claims in *Wilson* were also premised on the existence of an ERISA plan, the plan and relevant ERISA entities were

---

[3] "In addressing the effect of a state law on an ERISA plan, this Court has considered a variety of factors, including: [1] whether the state law negates an ERISA plan provision, [2] whether the state law affects relations between primary ERISA entities, [3] whether the state law impacts the structure of ERISA plans, [4] whether the state law impacts the administration of ERISA plans, [5] whether the state law has an economic impact on ERISA plans, [6] whether preemption of the state law is consistent with other ERISA provisions, and [7] whether the state law is an exercise of traditional state power." *Wilson v. Zoellner*, 114 F.3d 713, 717 (8th Cir. 1997) (brackets in original) (quoting *Arkansas Blue Cross and Blue Shield v. St. Mary's Hosp., Inc.*, 947 F.2d 1341, 1344 – 45 (8th Cir. 1991)).

ancillary to the merits of the claims. While this case is analogous to *Wilson*, and the issue of preemption is a close one, because the benefit plan (Doc. 9-1) in this case does not specifically designate a plan administrator, Defendant is the plan administrator. 29 U.S.C. § 1002(16)(A)(ii), (B)(i); *Johnston v. Paul Revere Life Ins. Co.*, 241 F.3d 623, 633 n.12 (8th Cir. 2001). Allowing state law claims premised on the existence of an ERISA plan to proceed against the plan administrator would affect relations between primary ERISA entities and impact the administration of the plan. Even following *Wilson*, the Court must find preemption.

Because Plaintiff's state law claims are fully preempted by ERISA, the Court has original jurisdiction over this federal question under 28 U.S.C. § 1331. While preemption means that Plaintiff cannot recover on her state law claims, this ruling presents good cause for Plaintiff to amend her complaint to pursue any remedy she might be afforded under ERISA, and it is in the interest of justice that she be allowed to do so. <u>Accordingly, Plaintiff will be permitted to file an amended complaint, and is cautioned that failure to pursue this action will result in granting of this motion and dismissal of the complaint</u>.

IT IS THEREFORE ORDERED that Defendant Apple Central, LLC's motion to dismiss (Doc. 9) is HELD IN ABEYANCE to allow Plaintiff to amend her complaint. Any amended complaint must be filed by March 10, 2017.

IT IS SO ORDERED this 8th day of February, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE