IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MEGAN MOORE                                                                                            PLAINTIFF

v.                                              No. 5:16-CV-05069

APPLE CENTRAL, LLC, doing business as
Applebee's Neighborhood Grill & Bar; and
THE GUARDIAN LIFE INSURANCE COMPANY
OF AMERICA                                                                                          DEFENDANTS

## OPINION AND ORDER

Before the Court is Plaintiff's motion (Doc. 18) for interlocutory appeal and to stay proceedings. Plaintiff has also filed a brief in support (Doc. 19). Defendant Apple Central, LLC ("Apple") has filed a response (Doc. 22) in opposition.

Plaintiff will seek leave under 28 U.S.C. § 1292(b) to appeal the Court's opinion and order (Doc. 15) ruling that the state law causes of action in Plaintiff's complaint are preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. To petition the Court of Appeals to hear the issue, Plaintiff must be appealing an order that states that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

In considering this issue, the Court has reviewed its prior opinion and order and now readopts and incorporates it within the instant opinion and order. The Court finds that: (1) the Court's order involves a controlling question of law—whether ERISA preempts Plaintiff's state law causes of action;[1] (2) there is substantial ground for difference of opinion; and (3) an

---

[1] There is no dispute that whether ERISA preempts the Plaintiff's preferred causes of action

1

immediate appeal from this order, which incorporates the prior order, may materially advance the ultimate termination of this litigation. The Court additionally finds that a stay pending resolution of Plaintiff's pursuit of the interlocutory appeal is appropriate.

The Court believes that there is substantial ground for difference of opinion on whether ERISA preempts the state law causes of action. A panel decision by the Eighth Circuit in *Wilson v. Zoellner*, 114 F.3d 713 (8th Cir. 1997) sets out an inclusive list of factors courts should consider when analyzing whether ERISA preempts a state law. Using those factors, and in light of *Wilson*'s holding, the Court determines that the preemption issue is a close one. That is, there is substantial ground for difference of opinion under this precedent. The authority that ultimately sways the analysis in favor of preemption is the subsequent statement by the Eighth Circuit that "a claim relates to an ERISA plan when it premises a cause of action on the existence of an ERISA plan." *Estes v. Fed. Express Corp.*, 417 F.3d 870, 872 (8th Cir. 2005) (quotation omitted). However, *Estes* was also a panel decision, so to the extent the simplified preemption analysis in *Estes* is inconsistent with *Wilson*'s multifactor analysis, *Wilson* controls under the prior panel rule. *See, e.g.*, *United States of America v. Taylor*, 803 F.3d 931, 933 (8th Cir. 2015) (explaining that a prior panel ruling controls a later panel ruling unless an intervening Supreme Court decision casts the prior ruling into doubt). There is some reason to believe *Estes* may be inconsistent with *Wilson* insofar as the state law causes of action that *Wilson* held were not preempted arguably were also premised on the existence of an ERISA plan.[2]

The Court also believes that an immediate appeal may materially advance the ultimate

---

involves a controlling question of law, and the Court need spend no further time analyzing this issue.

[2] The plaintiff in *Wilson* brought a common-law tort action for negligent misrepresentations regarding an ERISA plan's scope of coverage.

termination of this litigation.  If the Court is incorrect on the preemption issue, then this case will proceed through litigation at the trial level and the Court likely will be reversed on appeal for having incorrectly applied ERISA to the factual allegations, with the action then remanded for resolution on the state law claims.  If the Court is incorrect, years of potential litigation can be avoided by an interlocutory appeal of this controlling issue.  Similarly, if the Court's order is correct that ERISA preempts, and if the Plaintiff is ultimately unsuccessful on her ERISA action, then interlocutory appeal now reduces the scope of any later appeal seeking to reverse the preemption decision.

On these grounds, the Court believes that its order qualifies under 28 U.S.C. § 1292(b) as one for which interlocutory appeal might be appropriate.  However, the discretion to permit interlocutory appeal in this case does not belong to the Court but instead to the Eighth Circuit Court of Appeals, and Plaintiff must ultimately petition that court for leave to file her appeal.

Pending that interlocutory appeal, the Court believes a stay of these proceedings is appropriate under Federal Rule of Appellate Procedure 8.  In its discretion, the Court may stay pending appeal after considering:

> (1) the likelihood that a party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Iowa Utils. Bd. v. FCC*, 109 F.3d 418, 423 (8th Cir. 1996).  As the issue to be appealed appears to be a close one, the first factor weighs more heavily in favor of staying these proceedings than it would in a case where the likelihood of success was lesser.  There is little foreseeable harm that would result from granting a stay, but a nonephemeral risk that *both* parties will be irreparably harmed by proceeding with this litigation.  If the Court is incorrect on the preemption issue, then the time and expense the parties put into litigating the merits of an action under the incorrect law

3

will be more harmful to each of them than simply staying pending resolution of an appeal. Finally, the public has a great interest in increased clarity on the issue of ERISA preemption, as numerous benefits plans exist that are controlled by ERISA and that regularly become the subject of litigation. The Court finds that the factors weigh in favor of stay pending interlocutory appeal, and in its discretion will stay the action.

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 18) is GRANTED, insofar as the Court finds that this case presents the type of issue appropriate for interlocutory appeal under 28 U.S.C. § 1292(b).

IT IS FURTHER ORDERED that this matter is stayed pending resolution of the appellate process. The parties are directed to advise the Court of the status of this case in 45 days.

IT IS SO ORDERED this 16th day of March, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE